# EXHIBIT 1

## RELEASE AND SETTLEMENT AGREEMENT

1. **PARTIES.** This Release and Settlement Agreement ("Settlement Agreement") is made by and between BENJAMIN JOHNSON, his heirs, successors or assigns, (referred to as "Johnson" or "Plaintiff"), and H.I. STONE & SON, INC., its successors, assigns, present and former parent companies, affiliates, and subsidiaries (referred to as "H.I. Stone" or "Defendant"). (Plaintiff and the Defendant are collectively referred to herein as the "Parties.") The Effective Date of this Settlement Agreement shall be the date when it is approved by the Court.

2. **PARTICULARS.**

**WHEREAS**, Plaintiff filed a complaint in Connecticut Superior Court captioned *Benjamin Johnson v. H.I. Stone & Son, Inc.,* bearing Docket No. UWY-CV-19-6045816-S, which was then removed to the United States District Court, District of Connecticut, as Case No. 3:19cv00403 (the "Complaint");

**WHEREAS**, the Defendant denied liability in its Answer to the Complaint, and asserted Affirmative Defenses; and

**WHEREAS**, the Parties, after attending a mediation session with Magistrate Judge Sarah A. L. Merriam, agree that it is in their best interests to avoid the costs and uncertainty involved in litigation and to resolve any and all claims and disputes between them, on the terms and conditions set forth below.

**NOW THEREFORE**, in exchange for and in consideration of the mutual promises and covenants contained herein, along with other good and valuable consideration, the receipt and sufficiency of which is acknowledged, the Parties hereby agree as follows.

3. **DENIAL OF LIABILITY / NON-ADMISSION.** The covenants and promises contained herein are not to be construed as an admission of liability on behalf of either of the Parties. The Parties further agree that neither this Settlement Agreement nor any part of it is to be used or admitted into evidence in any proceeding, judicial, administrative, or otherwise, except one brought for the purpose of enforcing any rights, obligations or duties arising out of this Settlement Agreement, or otherwise required by law. The Parties recognize that they each deny liability and/or the claims made by the other party.

4. **CONSIDERATION.** In consideration of the terms, conditions and undertakings in this Settlement Agreement, Defendant agrees to pay Plaintiff the aggregate sum of THIRTY-EIGHT THOUSAND DOLLARS ($38,000.00), as follows:

   (a) Defendant will issue payment within Fifteen (15) days of the Effective Date of this Settlement Agreement to Plaintiff in the amount of Twenty-Five Thousand Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($25,333.33), which will be reported on an IRS Form 1099. Plaintiff will provide a Form W-9 to Defendant's counsel with the signed Settlement Agreement.

(b)  Defendant will issue payment within Fifteen (15) days of the Effective Date of this Settlement Agreement to Leonard McDermott, Employee Advocates, 35 Porter Ave., 3B, P.O. Box 205, Naugatuck, CT 06770 in the amount of Twelve Thousand Six Hundred Sixty-Six Dollars and Sixty-Seven Cents ($12,666.67), and such amount will be reported on an IRS Form 1099 issued to Plaintiffs' counsel. Plaintiff's counsel will provide a Form W-9 to Defendant's counsel when the signed Settlement Agreement.

The payment described above shall be the complete, total, and only financial payments to Plaintiff and his counsel under this Settlement Agreement.

5.     **RELEASE OF CLAIMS.**  In consideration of all the terms, conditions and undertakings in this Settlement Agreement, Plaintiff releases, waives, surrenders, and discharges Defendant, its successors, assigns, present and former parent companies, affiliates, subsidiaries, owners, officers, directors, members, principals, insurers, attorneys, and/or agents from any and all manner of action and actions, cause and causes of action, suits, debts, accounts, promises, warranties, damages, attorneys' fees, claims and demands, liabilities of every kind and character, direct and indirect, known and unknown, of whatever kind or nature, in law or in equity, arising under Parts I and II of Title 31, Chapter 558 of the Connecticut General Statutes titled "Wages", Conn. Gen. Stat. § 31-58 *et seq.* and Conn. Gen. Stat. § 31-70 *et seq.;* the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.;* and any other state and federal wage and hour laws; that Plaintiff now has, claims to have, may have, or have had at any time against Defendant from the beginning of the world to the Effective Date, including, but not limited to, the claims raised in the Complaint or that could have been raised in the Complaint.

Plaintiff is aware that he may discover claims or facts in addition to or different from those known or believed to be true with respect to the matters related herein. Nevertheless, it is Plaintiff's intention to fully, finally, and forever settle and release all such matters, and all claims related thereto, which now exist, may exist, or heretofore have existed between Plaintiff and Defendant, whether suspected or unsuspected. In furtherance of such intention, this Settlement Agreement shall be and remain in effect as a full and complete release of all such matters, notwithstanding the discovery or existence of any additional or different claims or facts relative thereto.

6.     **AFFIRMATIONS.**  Plaintiff represents that, other than this Complaint that he is now dismissing with prejudice and releasing all claims arising out of the working relationship with H.I. Stone and the allegation in the Complaint, and a pending Workers' Compensation Claim (WCC-50016900 and /or WCC-1311708), he has no pending claim or claims against Defendant and has not assigned any claim or claims against Defendant to any person or entity. Plaintiff further affirms that he shall not make any complaint or demand to any other federal or state agency and shall not assist, promote, or become a party or witness to any claim and/or complaint brought against Defendant by any third parties, unless so required by law, relating to the subject matter of the Complaint and Settlement Agreement. Plaintiff further affirms that he is not entitled to any other compensation, benefit, leave, except as provided by this Settlement Agreement. This Settlement Agreement is intended to be a release that permanently extinguishes all of the Plaintiff's claims against Defendant to the fullest extent permitted by law.

7.    **NON-ASSIGNMENT.** Plaintiff warrants and represents that he has not heretofore assigned or transferred or attempted to assign or transfer to any person or entity, any claim or matter recited in this Settlement Agreement or any part or portion thereof, and agrees to indemnify and hold harmless Defendant from and against any claim, demand, damage, debt, liability, account, reckoning, obligation, cost, expense (including the payment of attorney's fees and costs actually incurred whether or not litigation is commenced), lien, action, and cause of action, based on, in connection with, or arising out of such assignment or transfer or attempted assignment or transfer.

8.    **CONFIDENTIALITY.** The Parties understand that this Settlement Agreement must be approved by the Court and that the court file is a public record. The Parties further understand that they are permitted to make truthful statements related to or concerning this Action. The Parties mutually agree, however, that they will take no affirmative steps, nor induce others, to publish the terms of this Settlement Agreement to the media or on social media.

9.    **NON-DISPARAGEMENT.** The Parties are permitted to make truthful statements related to or concerning this Action. Otherwise, however, the Parties mutually agree that they will refrain from making any statements or comments (whether verbally, electronically, or in writing) that defames, disparages or denigrates the other and further agree not to induce others to make such statements or comments.

10.   **TAXES.** Both parties are responsible for any respective tax liabilities relating to the payments made pursuant to this Settlement Agreement and neither will look to the other for any indemnification of any tax liability.

11.   **SEVERABILITY.** If, in the future, it is determined by a court of competent jurisdiction that any covenant, clause, provision or term herein is illegal, invalid or unenforceable, the remaining provisions and terms of this Agreement shall not be affected thereby and the illegal, invalid or unenforceable term or provision shall be amended by the court to reflect the Parties' intent, if possible. If such an amendment is not possible, the illegal, invalid or unenforceable term or provision shall be severed from the remainder of this Agreement. In the event of such severance, the remaining covenants of this Agreement shall continue to be binding and enforceable to the extent permitted by law.

12.   **GOVERNING LAW.** This Agreement shall be deemed to be made and entered into in the State of Connecticut, and shall in all respects be interpreted, enforced and governed under the laws of Connecticut, without regard to conflict of law principles. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. The headings and captions of this Agreement are provided for convenience only and are intended to have no effect in construing or interpreting this Agreement.

13.   **EXECUTION.** This Agreement may be executed in one or more counterparts, each of which when so executed shall be deemed to be an original, and all such counterparts together shall constitute but one and the same instrument.

## ACKNOWLEDGEMENT

By signing below, Plaintiff acknowledges that he carefully read and understands the terms of this Settlement Agreement, had the opportunity to consult with an attorney of his choosing regarding the implications of this Settlement Agreement, and chooses to enter into this Settlement Agreement freely, knowingly, and voluntarily without any undue duress and that no other promises or agreements have been made to them other than those set forth herein.

**IN WITNESS WHEREOF,**   the Parties affix their signatures hereto:

BENJAMIN JOHNSON

Date: _9/20/19_____                          By: _Benjamin Johnson_____
                                                        BENJAMIN JOHNSON

Personally appeared BENJAMIN JOHNSON, signed and sealer of the foregoing instrument, and acknowledged the same to be h is free act and deed before me on this 20 day of SEPTEMBER, 2019

_Courtly M Dunott_____
Notary Public
My Commission Expires: 8/31/21

## ACKNOWLEDGEMENT

By signing below, Chuck Stone, Jr., as Vice President of H.I. Stone & Son, Inc. acknowledges that he has authority to enter into this Settlement Agreement on behalf of H.I. Stone & Son, Inc., has carefully read and understands the terms of this Settlement Agreement, had the opportunity to consult with an attorney of his choosing regarding the implications of this Settlement Agreement, and chooses to enter into this Settlement Agreement freely, knowingly, and voluntarily without any undue duress and that no other promises or agreements have been made to them other than those set forth in herein.

**IN WITNESS WHEREOF,** the Parties affix their signatures hereto:

H.I. STONE & SON, INC.

Date: 10 - 2 - 19                              By: 

CHUCK STONE, JR., Vice President

Personally appeared CHUCK STONE, JR., signed and sealer of the foregoing instrument, and acknowledged the same to be h is free act and deed before me on this ___ day of SEPTEMBER, 2019

Notary Public
My Commission Expires:

```
ROSARIA MCDONALD
Notary Public, State of Connecticut
My Commission Expires May 31, 2021
```